```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF OKLAHOMA

SKYLOR GEORGEANN WILKERSON,     )
                                )
            Plaintiff,          )
                                )
v.                              )    Case No. CIV-12-371-RAW-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )
```

## REPORT AND RECOMMENDATION

Plaintiff Skylor Georgeann Wilkerson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 17, 1987 and was 24 years old at the time of the ALJ's decision.  Claimant completed her high school education with special education classes.  Claimant has no past relevant work.  Claimant alleges an inability to work beginning June 1, 2006 due to limitations resulting from mental retardation.

### Procedural History

On May 30, 2006, Claimant protectively filed for Child's Insurance Benefits and supplemental security income. Claimant's applications were denied initially and upon reconsideration. On February 20, 2008, an administrative hearing was held before an Administrative Law Judge ("ALJ"). On April 29, 2008, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on March 16, 2009.

Claimant appealed to this Court. The ALJ's decision was reversed and the case was remanded to Defendant for further development of the record.

On February 24, 2012, ALJ Trace Baldwin conducted a supplemental video hearing. While a vocational expert was present at the hearing, he did not testify. After the hearing, the ALJ submitted written interrogatories to the vocational expert. The ALJ provided the post-hearing vocational responses to Claimant's attorney. (Tr. 336). The ALJ informed counsel that Claimant had the right to request a supplemental hearing. He further informed counsel that if a supplemental hearing was requested, the request would be granted unless the ALJ received evidence to support a fully favorable decision. (Tr. 336).

On April 4, 2012, Claimant's attorney wrote to the ALJ,

responding to the vocational evidence and formally requesting "a supplemental hearing for the purpose of questioning" the vocational expert. (Tr. 396). The ALJ did not set a supplemental hearing. Instead, on May 11, 2012, the ALJ issued an unfavorable decision, denying Claimant's applications for benefits. (Tr. 315-29). Claimant declined to file an appeal with the Appeals Council. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with some non-exertional limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) denying her due process by failing to provide a supplemental hearing as requested; and (2) failing to find Claimant met Listing 12.05C governing mental retardation.

**Due Process**

In his decision, the ALJ determined Claimant suffered from the

5

severe impairments of borderline intellectual functioning, anxiety disorder, depression, and attention deficit hyperactivity syndrome ("ADHD"). (Tr. 317). He also found Claimant retained the RFC to perform a full range of work at all exertional levels with the non-exertional limitations that she was able to understand, remember, comprehend, and carry out simple instructions and tasks with routine supervision, relate to supervisors and co-workers on a superficial basis (but she could not work with the general public), and adapt to routine changes in the work environment. (Tr. 320).

Based upon the responses by the vocational expert, the ALJ determined Claimant could perform the representative jobs of cleaner, poultry eviscerator, and assembler, all of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 328).

This Court first addresses Claimant's second basis for remand set forth in her brief. Claimant contends her due process rights were violated when the ALJ relied upon the post-hearing written responses to his interrogatories provided by the vocational expert without granting Claimant's request for a supplemental hearing. The constitutional requirement for procedural due process applies to social security hearings. Yount v. Barnhart, 416 F.3d 1233, 1235 (10th Cir. 2005) citing Allison v. Heckler, 711 F.2d 145, 147 (10th Cir. 1983). The Tenth Circuit has maintained in these cases

6

that "[a]n ALJ's use of a post-hearing medical report constitutes a denial of due process because the applicant is not given the opportunity to cross-examine the physician or to rebut the report." Id. citing Allison, 711 F.2d at 147. The same can be said of post-hearing vocational testimony.

Defendant concedes that the ALJ violated Claimant's due process rights by failing to provide the supplemental hearing as requested. As a result, the ALJ's decision is reversed and the case is remanded for further proceedings to permit Claimant to examine the vocational expert.

## Listing 12.05C

Claimant contends the ALJ should have found he met Listing 12.05 for Mental Retardation. To meet or equal Listing § 12.05C, a claimant must demonstrate the following:

> 12.05 Mental Retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> \* \* \*
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.
>
> \* \* \*

20 C.F.C. Pt. 404, Subpt. P, App. 1, Listing 12.05C.

Claimant must satisfy all of these required elements for a Listing to be met. <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990). On August 22, 2011, Claimant underwent a psychological evaluation by Dr. Robert Danaher. Dr. Danaher administered the WAIS-III battery of tests to evaluate Claimant's intellectual abilities. The testing yielded a Verbal Scale IQ of 69, Performance Scale IQ of 80, and a Full Scale IQ of 72. Accounting for a margin of error, Dr. Danaher estimated Claimant's Verbal Scale IQ between 65-75, Performance Scale IQ between 74-88, and Full Scale IQ between 68-77. (Tr. 405). An evaluation by Dr. M. Gerald Ball conducted December 15, 2010 was consistent with Dr. Danaher's findings, estimating Claimant's IQ between 65 and 70. (Tr. 399).

The ALJ also determined Claimant suffered from the additional severe impairments of anxiety disorder, depression, and ADHD. (Tr. 317). On the face of the requirements of Listing 12.05C, Claimant met the listing with a Verbal Scale IQ of 69 and the additional severe impairments.

The ALJ found Dr. Danaher's "professional judgment" was that Claimant did not have adaptive deficits to warrant a diagnosis of mental retardation. (Tr. 325). The ALJ's statement has no foundation in Dr. Danaher's assessment. More importantly, the ALJ is incorrect in requiring a diagnosis of mental retardation to meet Listing 12.05C. Nothing in that listing or the prevailing case

8

authority makes such a requirement.  On remand, the ALJ shall re-evaluate Claimant's qualifications to meet Listing 12.05C.

This Court acknowledges Claimant's request for a remand with instructions to award benefits because this case has been previously remanded.  This Court declines to remand with an award instruction on this occasion but reserves the right to do so in any future appeal should the Commissioner fail in the execution of her obligation under the law as blatantly as was done in this latest decision.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 28th day of February, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE